UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SFBVC, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SCOTTSDALE INSURANCE COMPANY,<br><br>　　　　Defendant. | Case No. 22-cv-04289-JSC<br><br>**ORDER RE: DISCOVERY DISPUTES**<br><br>Re: Dkt. Nos. 78, 79, 80, 82, 83, 84, 85, 86, 87 |

Pending before the Court are nine discovery dispute joint letters. (Dkt. Nos. 78, 79, 80, 82, 83, 84, 85, 86, 87.)[1] The Court held a hearing on April 8, 2024. This Order supplements the rulings made on the record.

**I.   Dkt. No. 83**

Defendant's motion to compel is DENIED. Plaintiff has stated in writing it is not seeking *Brandt* fees. Nothing more is required.

**II.   Dkt. No. 87**

Plaintiff responded to several of Defendant's long-ago served document requests by representing it will produce responsive documents. Plaintiff further stated:

> Plaintiff makes no representation that any such information or documents exist, but rather if such information or documents exist, and are within Plaintiff's possession, custody, or control, and can be located in the course of a reasonably diligent search, they will be produced at a mutually convenient time and place or in a mutually convenient manner to be agreed upon by the parties.

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

(Dkt. No. 87 at 3.)  While some responsive documents have been produced, Plaintiff refuses to confirm whether it has produced all responsive documents or, if not, when its production will be complete.  Plaintiff's response fails to comply with Plaintiff's discovery obligations.

Federal Rules of Civil Procedure 34 dictates a responding party's obligations:

> (B) Responding to Each Item.  For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons.  The responding party may state that it will produce copies of documents or of electronically stored information instead of permitting inspection.  ***The production must then be completed no later than the time for inspection specified in the request or another reasonable time specified in the response.***

Fed. R. Civ. P. 34(b)(2)(B) (emphasis added).  So, Plaintiff was required to tell Defendant when it would produce all responsive documents.

On or before April 12, 2024, Plaintiff must confirm in writing whether it has produced to Defendant all documents in its possession, custody, or control responsive to the document requests identified in the letter brief.  (Dkt. No. 87.)  If on April 12 Plaintiff represents there are more responsive documents to be produced, then by that same date Plaintiff shall state when it will produce the remaining responsive documents.  If Plaintiff withholds any responsive documents on privilege grounds, by April 12 Plaintiff must state whether it is withholding documents responsive to these requests on privilege grounds and, if so, whether all of the withheld documents appear on the privilege log.  If withheld documents are not on the privilege log, by April 12 Plaintiff must provide a date certain for an amended privilege log that includes all withheld documents.

**III.    Dkt. No. 85**

All documents produced by a party in discovery must be Bates labelled for this case. Documents lacking a Bates label may not be used in connection with dispositive motions or trial.

Third-party documents already bearing a Bates label from *SFBVC, LLC v. Blazing Saddles, Inc.*, S.F. Super. Ct. Case No. CGC-17-560663 (Construction Action) do not require a new Bates label.  However, the party seeking to use a third-party document in dispositive briefing or at trial bears the burden of proving the document was produced to the opposing party in a timely manner to the extent the opposing party objects the document was not produced.

2

### IV. Dkt. No. 86

Defendant may depose Plaintiff's 30(b)(6) witness Bob Freeman for an additional 4 hours. Mr. Freeman shall be prepared to answer questions regarding the damage estimate produced after his initial deposition, as well as "whether SFBVC notified Scottsdale at the time it allegedly discovered the majority of the damage it claims in this case or at what point it tendered a claim to Scottsdale." (Dkt. No. 86 at 3.) Further, Plaintiff's counsel's instructions to the witness not to answer as reflected in the deposition transcript excerpts provided in connection with this letter brief were improper. None of the questions sought information protected by attorney-client privilege. *See JSR Micro, Inc. v. QBE Ins. Corp.*, No. C-09-03044 PJH (EDL), 2010 WL 1338152, at *9 (N.D. Cal. Apr. 5, 2010).

**For all future depositions, whether noticed by Plaintiff or Defendant, all objections as to form are preserved for the record. The only objection an attorney may make is a good faith and informed instruction not to answer based on privilege.**

### V. Purported Expert Disclosures
#### a. Dkt. No. 78

Defendant served Rule 45 document subpoenas on what Defendant characterizes as Plaintiff's engineer and construction contractors, including, but not limited to: (a) Engineering West; (b) Hayashida Architects, Inc.; (c) Terra Nova Industries Inc.; (d) Adan Engineering, Inc.; (e) Flynn & Associates; HCG Associates; (f) W.E. Lyons Construction Co.; (g) Peter A. Culley, S.E. Consulting Engineer, LLC; (h) William Moore; and (i) Carl Morey. (Dkt. No. 78 at 3.) Defendant has provided Plaintiff with copies of everything produced in response to the subpoenas. Plaintiff demands Defendant return all the produced documents to Plaintiff on the grounds the documents were all produced by non-testifying experts and thus the documents are work-product privileged.

Plaintiff's request is DENIED without prejudice. No record evidence supports Plaintiff's assertion these entities/persons were retained by Plaintiff as non-testifying consultants. Further, there is no evidence any of the documents produced are protected work product of non-testifying experts. However, Plaintiff may make an appropriate evidentiary showing a specific document

used in summary judgment or at trial is protected by the work product privilege.

### b. Dkt. No. 79

Defendant served Rule 45 deposition subpoenas on third-party witnesses Adam Posard, Scott Adan (Adan Engineering, Inc.), and Jeff Beam (Engineering West). (Dkt. No. 79 at 2.) Plaintiff asks the Court to block the depositions on the grounds the witnesses' testimony is protected from disclosure by the work product privilege because they are non-testifying consultants. This request is DENIED without prejudice for the same reasons as Docket No. 78: no record evidence supports Plaintiff's assertion. Plaintiff may move to exclude specific testimony Defendant seeks to admit; however, Plaintiff bears the burden of proving privilege.

### c. Dkt. No. 84

Defendant complains Plaintiff's privilege log does not provide sufficient evidence to evaluate some of the privilege claims. On or before April 12, 2024, Defendant shall provide Plaintiff with a list of the persons identified on the log for whom Defendant needs additional information and the nature of the required information. The information requested shall be limited to (1) who retained the consultant or attorney, and (2) the general purpose of the retention. Defendant shall file its list with the Court. Plaintiff shall respond with the information requested by April 16, 2024 and file its response with the Court.

Plaintiff is also advised it must place on the privilege log all responsive documents withheld, even if they are withheld on the grounds they are protected from discovery by the work product privilege. Plaintiff must do so for at least all the persons/entities identified in Defendant's Request for Production of Documents, Set Five. (Dkt. No. 81.) Plaintiff's invocation of the privilege cannot be evaluated unless Defendant knows what documents are withheld. In the joint case management conference statement to be filed April 16, 2024, Plaintiff shall provide a date certain for providing its updated privilege log.

### d. Dkt. Nos. 80 and 82

These disputes arise from Plaintiff's insistence certain contractors acted as non-testifying consultants and therefore their testimony/documents are privileged work product. As explained

4

above, nothing in the record supports this assertion. There is also no specific document or testimony for the Court to adjudicate. As discussed at the hearing, the Court will resolve any actual disputes in context, including if Plaintiff instructs a witness not to answer a particular question or discuss a particular document. Plaintiff bears the burden of proving the privilege.

This Order disposes of Docket Nos. 78, 79, 82, 83, 84, 85, 86, 87, 88.

**IT IS SO ORDERED.**

Dated: April 10, 2024

JACQUELINE SCOTT CORLEY
United States District Judge